UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADINA JOSIC and DANIEL JOSIC,

      Plaintiffs,

v.                                                                    Case No:   8:25-cv-02616-JLB-SPF

DEVNET F. TRINKLE a/k/a "Devnet
Chandler",

      Defendant.

_____/

## ORDER

Plaintiffs Adina Josic and Daniel Josic sue Defendant Devnet F. Trinkle for

specific performance, a partition, and injunctive relief under Florida law in

connection with Defendant's alleged failure to convey a portion of a lot to Plaintiffs

and to record a deed transferring a second lot to Plaintiffs.  (Doc. 21).  Before the

Court is Defendant's Motion to Dismiss Amended Complaint.  (Doc. 26).  Plaintiffs

filed a response.  (Doc. 29).  After careful review, the Court concludes that

Defendant's Motion to Dismiss Amended Complaint (Doc. 26) is due to be

**GRANTED in part** and **DENIED in part**, and Plaintiffs' claim for partition

(Count II) is **DISMISSED** with prejudice for failure to state a claim.

## BACKGROUND[1]

The property at issue is two parcels of land, specifically "Lots 26 and 27 of the Revised Map of Wallcraft Subdivision." (Doc. 21 at ¶ 12).  In December 2018, Plaintiffs toured the property with Defendant, who requested $1,350,000 for the property.  (*Id.* at ¶ 17).  Plaintiffs offered $850,000, and Defendant agreed to this price provided that Defendant could "retain the undeveloped portion."  (*Id.* at ¶ 19). Because the property did not adhere to the Florida (Residential) Building Code, Plaintiffs agreed to bring the property structures into compliance, while Defendant "agreed to undertake the partition of Lot 26 so that the main house would no longer extend onto Lot 26," which was the undeveloped portion.  (*Id.* at ¶¶ 12, 18, 20).

On July 3, 2019, the parties executed a Warranty Deed transferring Lot 27 to Plaintiffs.  (Doc. 21-1 at 2–3).  However, neither Defendant nor her attorney recorded the Lot 27 Warranty Deed.  (Doc. 21 at ¶ 48).

Because of the property's building code violations and because the main house, situated on Lot 27, extended onto Lot 26, Plaintiffs could not acquire traditional financing.  (*Id.* at ¶ 24).  Instead, they "paid Defendant a down payment of $30,000, took possession of the [p]roperty, and executed a Mortgage . . . and two Balloon Notes . . . with Defendant financing the transaction."  (*Id.* at ¶ 25). Plaintiffs agreed to pay Defendant $3,500 per month and to pay the full balance in a

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).  Accordingly, this background section relies on the facts recited in the Amended Complaint.  (*See* Doc. 21).

2

year at zero percent interest. (*Id.*). In August 2019, Plaintiffs moved onto the property and discovered that the structural issues were more severe than they originally believed, leading Plaintiffs "to invest considerable time and resources into the [p]roperty." (*Id.* at ¶¶ 28, 30).

Over the following months, Plaintiffs made their required monthly payments to Defendant, performed or paid for the property's maintenance, and paid taxes on the property. (*Id.* at ¶¶ 31–33). As of May 2020, Defendant had not partitioned Lot 26, leading Defendant's attorney to prepare a Loan Modification Agreement (Doc. 21-5) that extended the maturity date on the notes until 180 days after (1) Lot 26 was partitioned;[2] (2) the mortgage and deed for Lot 27 were recorded; and (3) notice was submitted by the lender to the borrower in writing. (Doc. 21 at ¶ 35). At the time of the Loan Modification Agreement, "it was anticipated Defendant would accomplish the partition within six months." (*Id.* at ¶ 36). The partition required Defendant to bring "the eastern 11 feet of Lot 26 (plus sufficient additional space to comply with local law)" onto the lot owned by Plaintiffs. (*Id.* at ¶ 37).

Around December 2022, a professional surveyor prepared a new survey of the property for Defendant to sell her retained portion of Lot 26 to the neighboring owner of Lots 24 and 25. (*Id.* at ¶¶ 38–39). This survey partitioned Lot 26 into two parcels, and the City of Tampa approved the partition in December 2022.[3] (*Id.* at

---

[2] The Loan Modification Agreement (Doc. 21-5) refers to a partition of Lot 27, but Plaintiffs claim that this was a scrivener's error. (Doc. 29 at 10 n.3).

[3] The Amended Complaint alleges that Hillsborough County approved Defendant's partition (Doc. 21 at ¶ 42); however, the parties agree that the property is located within the jurisdiction of the City of Tampa (Doc. 26 at 3 n.1; Doc. 29 at 5 n.2).

¶¶ 40, 42).  Ultimately, Defendant did not sell her retained portion of Lot 26 to the owner of Lots 24 and 25.  (*Id.* at ¶ 43).

Since that time, Defendant has not conveyed the eastern portion of Lot 26 to Plaintiffs, but Plaintiffs have continued to pay their monthly amount, maintain the property, and pay taxes on the two lots.  (*Id.* at ¶¶ 44–45).  In total, Plaintiffs have paid around $300,000 toward the purchase price, $61,605.32 in taxes, and $500,000 toward improving the property.  (*Id.* at ¶ 50).  Furthermore, neither Defendant nor Defendant's attorney has recorded the 2019 Lot 27 Warranty Deed.  (*Id.* at ¶ 48).  Rather than performing under the parties' agreement, Defendant approached Plaintiffs in early 2025 and sought to have them purchase the entirety of Lot 26 for an additional $350,000.  (*Id.* at ¶ 49).

Plaintiffs now bring three claims against Defendant in federal court.  (*Id.* at ¶ 1).  First, Plaintiffs seek specific performance of Defendant's obligation to convey the promised portion of Lot 26 to them.  (*Id.* at ¶¶ 52–59).  Second, Plaintiffs seek a partition of Lot 26 to provide them with the promised portion.  (*Id.* at ¶¶ 60–67).  And third, Plaintiffs seek an injunction compelling Defendant to record the Lot 27 Warranty Deed in the local property records.  (*Id.* at ¶¶ 76).  Defendant moves to dismiss, arguing that Plaintiffs' claims should be barred by Florida's statute of limitations and statute of frauds, and that Plaintiffs fail to state a claim.  (Doc. 26 at 4–13).  Plaintiffs filed a response to Defendant's motion.  (Doc. 29).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed

4

for failure to state a claim upon which relief can be granted.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint also must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice.  *Twombly*, 550 U.S. at 555.  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See id.* at 570.  A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendant moves to dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs' claims are barred by Florida's statute of limitations and statute of frauds. (Doc. 26).  She also contends that Plaintiffs fail to state a claim.  (*Id.*).

While Defendant's statute of limitations and statute of frauds arguments fail, Plaintiffs' Amended Complaint fails to state a claim as pleaded, and the Court dismisses Plaintiffs' claim for partition (Count II) with prejudice because further amendment would be futile.  The Court will discuss each issue in turn.

### I.    Plaintiffs' Claims Are Not Barred by the Statute of Limitations.

First, Defendant argues that Plaintiffs' claims for specific performance and injunctive relief (Counts I and III) are barred by the statute of limitations because the claims concern events that occurred in 2019.[4]  (Doc. 26).  Specifically, Defendant contends that Plaintiffs' specific performance claim (Count I) is barred by Florida Statutes, section 95.11(6)(a), which provides that claims "for specific performance of a contract" must be brought within one year.  (*Id.* at 4–6).  Defendant also argues that Plaintiffs' claim for injunctive relief (Count III) is barred by Florida Statutes, sections 95.11(2)(a) and 95.11(3)(j), which provide that legal or equitable actions to enforce written or oral contracts must be brought within five or four years, respectively.  (*Id.* at 12–13).  Thus, according to Defendant, Plaintiffs must have

---

[4] "[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted . . . when the complaint shows on its face that the limitations period has run . . . ."  *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

filed this lawsuit by no later than July 3, 2024, to avoid having their claims barred by the statute of limitations.

The Court disagrees. Under Florida law, "a statute of limitations begins to run from the time a cause of action accrues," and "a 'cause of action accrues when the last element constituting the cause of action occurs.'" *Yoder v. Kuvin*, 785 So. 2d 679, 681 (Fla. 3d DCA 2001) (quoting *Robbat v. Gordon*, 771 So. 2d 631, 634 (Fla. 4th DCA 2000)). Even if the Court were to accept Defendant's position that this case involves only contractual claims and is governed by section 95.11, then the statute of limitations period began to run only when the elements of (1) a valid contract, (2) a material breach of the contract, and (3) damages accrued. *See Deauville Hotel Mgmnt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) (citation omitted). Under Florida law, "[a] material breach occurs where the covenant not performed is of such importance that the contract would not have been made without it." *Seawatch at Marathon Condo. Ass'n, Inc. v. Guarantee Co. of N. Am., USA*, 286 So. 3d 823, 829 (Fla. 3d DCA 2019) (citation omitted).

Here, drawing all reasonable inferences in favor of Plaintiffs, a material breach of the alleged contract did not occur until the beginning of 2025, when Defendant attempted to convince Plaintiffs to purchase the entirety of Lot 26 instead of performing her obligations to partition and convey the agreed portion of that lot. (*See* Doc. 21 at ¶ 49). Before that, while the partition process experienced substantial delays and Plaintiffs expected the process to conclude much faster, Plaintiffs do not allege that Defendant refused to perform her obligations. (*See id.*).

7

On the contrary, Plaintiffs allege that Defendant obtained the survey of Lot 26 in 2022, and she signed the Loan Modification Agreement that made the maturity date of the balloon notes contingent on the completed partition.  (*Id.* at ¶¶ 35, 38–42). Accordingly, because Plaintiffs' Amended Complaint can be reasonably taken to not allege a material breach of the contract until the beginning of 2025, the statute of limitations did not begin to run until then, and Plaintiffs sued in a timely fashion by filing their Complaint (Doc. 1) in September of 2025.

## II.    Plaintiffs' Specific Performance and Partition Claims Are Not Barred by the Statute of Frauds Because of the Doctrine of Part Performance.

Defendant moves to dismiss Plaintiffs' specific performance (Count I) and partition (Count II) claims based on the statute of frauds.  But this would not be proper because the doctrine of part performance may remove Plaintiffs' claims from the requirements of the statute of frauds.

Florida's statute of frauds provides as follows in relevant part:

> No action shall be brought . . . to charge any person . . . upon any contract for the sale of lands, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. § 725.01.

Florida law recognizes that "the doctrine of part performance removes a contract from the statute of frauds." *Mowder v. Smith*, 390 So. 3d 106, 109 (Fla. 3d DCA 2024) (collecting authorities).  Accordingly, "where there is proof of an oral contract for conveyance, payment of consideration, possession, and improvements

8

made to the property, the contract is removed from the statute of frauds and specific performance may be justified." *Id.* (citing *Miller v. Murray*, 68 So. 2d 594, 596 (Fla. 1953)).

Here, Plaintiffs' Amended Complaint alleges facts sufficient to remove their claims from the statute of frauds under the doctrine of part performance. Plaintiffs allege that Defendant agreed to sell a portion of Lot 26 to them. (Doc. 21 at ¶ 19). They also provided Defendant with a down payment on the property and signed a mortgage in Defendant's favor before they took possession of the property. (*Id.* at ¶ 25). And, since taking possession of the property, Plaintiffs claim to have made many improvements to it. (*Id.* at ¶ 30). Accordingly, Plaintiffs allege facts sufficient to remove their contract from the requirements of the statute of frauds, and dismissal of Plaintiffs' specific performance and partition claims based on the statute of frauds would not be proper.

### III. Plaintiffs Fail to State a Claim, but Only the Partition Claim Is Dismissed with Prejudice.

Finally, Defendant moves to dismiss each claim with prejudice for failure to state a claim upon which relief can be granted. (Doc. 26). While dismissal of all claims is proper, only Plaintiffs' claim for partition (Count II) merits dismissal with prejudice. In the following sections, the Court will explain why each claim does or does not warrant dismissal with prejudice.

### A. Plaintiffs' Specific Performance Claim Should Not Be Dismissed with Prejudice.

Defendant argues that Plaintiffs' specific performance claim (Count I) should

be dismissed with prejudice because the documents attached to Plaintiffs' Amended Complaint do not reference Defendant's alleged promise to convey a portion of Lot 26 to Plaintiffs. (Doc. 26 at 10–11). However, as the Court has previously discussed, the Amended Complaint's allegations plausibly entitle Plaintiffs to relief even in the absence of a signed writing because of the doctrine of part performance. (*See infra* at 8–9). Accordingly, dismissal with prejudice would not be proper because it is not "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston*, 30 F.3d at 120 (quoting *Hishon*, 467 U.S. at 73).

### B. Plaintiffs' Partition Claim Should Be Dismissed with Prejudice Because Plaintiffs Do Not Allege that They Have Title to Lot 26.

Next, Defendant argues that Plaintiffs' partition claim (Count II) should be dismissed with prejudice. The Court agrees. Plaintiffs' Amended Complaint alleges that they are entitled to a partition of Lot 26 because they, along with Defendant, are the "owners" of that lot. (Doc. 21 at ¶ 61). However, Plaintiffs do not allege that they currently possess title to Lot 26. (*See id.*). To the contrary, their specific performance claim states that Defendant is obligated to convey "full and clear title of such portion of Lot 26 as is necessary to encompass the main house." (*Id.* at ¶ 59).

Under Florida law, "[w]here title is not established in the plaintiff, partition is not available even if the plaintiff might have an equitable interest in the land." *Dietrich v. Winters*, 798 So. 2d 864, 866 (Fla. 4th DCA 2001) (citing *Rountree v. Rountree*, 101 So. 2d 43, 44 (Fla. 1958)). "Further, a partition suit is not the proper proceeding in which to settle a disputed title." *Rountree*, 101 So. 2d at 44.

10

Therefore, here, dismissal with prejudice of Plaintiffs' partition claim is proper because Plaintiffs do not allege that they have title to Lot 26, and a partition action is not the proper means to acquire title.  (*See* Doc. 21); *Rountree*, 101 So. 2d at 44.  The Court declines to grant Plaintiffs leave to amend this claim because it conflicts with the allegations that form the basis for Plaintiffs' specific performance claim (Count I).

### C.    Plaintiffs' Injunctive Relief Claim Should Not Be Dismissed with Prejudice.

Defendant argues that Plaintiffs' injunctive relief claim (Count III) fails to state a claim because Defendant had no legal duty to record the 2019 Warranty Deed for the transfer of Lot 27.  (Doc. 26 at 13).  Again, the Court disagrees.

The implied covenant of good faith is a "gap-filling default rule" that comes into play "when a question is not resolved by the terms of the contract or when one party has the power to make a discretionary decision without defined standards." *Publix Super Markets, Inc. v. Wilder Corp. of Del.*, 876 So. 2d 652, 654 (Fla. 2d DCA 2004).  This implied covenant is "designed to protect the parties' reasonable expectations." *Speedway SuperAmerica, LLC v. Tropic Enters., Inc.*, 966 So. 2d 1, 3 (Fla. 2d DCA 2007) (citation omitted).

Here, Plaintiffs allege that Defendant and her attorney "took possession of the original documents executed by the parties, providing Plaintiffs with only copies." (Doc. 21 at ¶ 27).  Accordingly, based on the allegations of the Amended Complaint, Defendant had discretionary power to record the deed and was obligated to use that discretion to effectuate the reasonable expectation of the parties.  (*See*

*id.*); *Speedway SuperAmerica, LLC*, 966 So. 2d at 3.  Accordingly, Plaintiffs can state a claim that Defendant was obligated to record the deed for the transfer of Lot 27.

D.   **Plaintiffs' Specific Performance and Injunctive Relief Claims Should Be Dismissed without Prejudice Because Specific Performance and Injunctive Relief Are Remedies, Not Independent Causes of Action.**

Finally, Plaintiffs' claims for specific performance and injunctive relief should be dismissed without prejudice for failure to state a claim upon which relief can be granted because specific performance and injunctive relief are remedies, not independent causes of action.  *See Kruse v. Mass. Mut. Life Ins. Co.*, No. 17-cv-61115-BLOOM/Valle, 2017 WL 3494334, at \*8 (S.D. Fla. Aug. 15, 2017) (cleaned up) ("As other district courts have recognized, it is not to be overlooked that a claim for specific performance is subject to dismissal because specific performance is a remedy, not a freestanding legal claim."); *Lanzone ex rel. One Way Roofing, LLC v. Boggs*, No. 18-80399-CIV-MIDDLEBROOKS, 2018 WL 11436537, at \*2 (S.D. Fla. June 13, 2018) ("[A]n injunction is not a standalone cause of action; it is a remedy for which there must be an underlying cause of action entitling the plaintiff to such relief.") (citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005)).  "For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Federal Rule of Civil Procedure] 12(b)(6) (failure to state a claim)."  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).  Therefore, for Plaintiffs to obtain specific performance or injunctive relief, they must first assert a

legal cause of action.  Accordingly, Counts I and III are dismissed without prejudice.

**CONCLUSION**[5]

Accordingly, it is **ORDERED** that:

1.  Defendant's Motion to Dismiss Amended Complaint (Doc. 26) is **GRANTED in part** and **DENIED in part** as described herein**.**

2.  Plaintiffs' Amended Complaint (Doc. 21) is **DISMISSED without prejudice**.

3.  Count II of Plaintiffs' Amended Complaint (Doc. 21) is **DISMISSED with prejudice** for failure to state a claim.

4.  Plaintiffs shall have twenty-one days from the date of this Order to file an amended complaint.

5.  No new claims may be added should Plaintiffs file a Second Amended Complaint.

**ORDERED** in Tampa, Florida, on July 9, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[5] Should the parties confer and conclude that they, in good faith, could reasonably reach a settlement in this property dispute, the Court would entertain a joint motion to stay the case and to appoint a (randomly selected) U.S. Magistrate Judge to conduct a settlement conference.  After careful review of the relative merits of the case and the increased likelihood of protracted litigation with associated costs, the Court strongly encourages settlement. The Court is thus offering a settlement conference at no expense to the parties.